UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | |
| **v.** | ) ) | **CRIMINAL NO. 96-29-P-H** |
| **ALBERTO GONZALEZ,** | ) ) | |
| **DEFENDANT** | ) | |

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE**

On September 4, 1996, Judge Carter sentenced the defendant for possessing with intent to distribute 50 or more grams of cocaine base ("crack cocaine"). Under the statute, the defendant faced a minimum sentence of 20 years. When the government filed a motion under 18 U.S.C. § 3553(e) and USSG § 5K1.1, however, the judge sentenced the defendant to 180 months. See Judgment (Docket Item 13).

On February 28, 2008, the defendant filed a motion for appointment of counsel "for the constitutional relieve [sic] of the crack law." The motion is **DENIED**.

The defendant was sentenced under 21 U.S.C. § 841(b)(1)(A). That statute provides that where the crime involves 50 grams or more of a mixture or substance containing crack cocaine and the defendant has a prior conviction for a felony drug offense, the sentence is at least 20 years. That drug quantity

calculation is statutory; it is unaffected by the recent Guideline amendment. In this case, the statutory sentence becomes the Guideline sentence: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." USSG § 5G1.1(b); see also United States v. Li, 206 F.3d 78, 89 (1st Cir. 2000).

As a result, in this case, whatever changes the crack cocaine Guideline amendment might authorize in the underlying base offense level calculations or, for that matter, in any other Guideline calculations, those changes cannot alter the ultimate Guidelines sentence—20 years—which depends upon 50 grams of crack cocaine and a prior conviction.  21 U.S.C. § 841(b)(1)(A).[1] It is true that Judge Carter reduced the sentence for substantial assistance, but he measured the reduction from the statutory 20 years, not from any Guideline range created by the crack cocaine quantity. Since a judge has authority to reduce a sentence in a case like this only if the "sentencing range . . . has subsequently been lowered," 18 U.S.C. § 3582(c)(2), and since the defendant's sentencing range—20 years—has not been lowered, the crack cocaine Guideline amendment does not help him.

Accordingly, the motion to appoint counsel, treated also as a motion to reduce sentence, is **DENIED**.

---

[1] If the defendant is not relying on the retroactive change in the crack cocaine Guideline, but on a separate argument that his sentence was unconstitutional, he may not do so by this motion.

2

**SO ORDERED.**

**DATED THIS 6TH DAY OF MARCH, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

3

**U.S. DISTRICT COURT**
**DISTRICT OF MAINE (PORTLAND)**
**CRIMINAL DOCKET FOR CASE #: 2:99CR29 (DBH)**

**United States of America**        represented by   Jonathan R. Chapman
                                                     Office of the U.S. Attorney
                                                     District Of Maine
                                                     100 Middle Street Plaza
                                                     Portland, ME 04101
                                                     (207) 780-3257
                                                     email: jonathan.chapman@usdoj.gov

**v.**

**Alberto Gonzalez,**              Represented By   Alberto Gonzalez, Pro Se
                                                    #03147-036
   Defendant                                        FCI Fairton
                                                    P.O. Box 420
                                                    Fairton, NJ  08320

4